UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CIVIL DIVISION

| | | |
|---|---|---|
| GOV'T EMPLOYEES INSURANCE CO., | ) | CASE NO.: 1:18-CV-20921 |
| GEICO INDEMNITY CO., GEICO GEN. | ) | |
| INS. CO., & GEICO CAS. INS. CO. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| -v- | ) | |
| | ) | |
| DG ESTHETIC & THERAPY CENTER. | ) | |
| INC., DANIA LIMA, D.A. HEALTHCARE | ) | |
| ASSOC' INC., DAMARYS ALONSO, | ) | |
| ANA B. MEIJAS L.M.T., BEACON | ) | |
| HEALTH CARE CTR INC., RAYXEL | ) | |
| HERRERA, MAIRA GUERRA, L.M.T. | ) | |
| and DR. MICHAEL FORMISANO M.D., | ) | |
| | ) | |
| Defendants, | ) | |
| _____ | ) | |
| | | |
| DG ESTHETIC & THERAPY CENTER | ) | |
| INC., D.A. HEALTH CARE ASSOC' INC., | ) | |
| BEACON HEALTHCARE CENTER INC., | ) | |
| | ) | |
| Counter Plaintiffs | ) | |
| | ) | |
| -v- | ) | |
| | ) | |
| GOV'T EMPLOYEES INSURANCE CO., | ) | |
| GEICO INDEMNITY CO., GEICO GEN. | ) | |
| INSURANCE CO., GEICO CASUALTY | ) | |
| INSURANCE CO., | ) | |
| | ) | |
| Counter Defendants | ) | |
| _____ | ) | |

## ANSWER

COMES NOW the Defendants, DG ESTHETIC & THERAPY CENTER INC., et. al., by and through undersigned counsel, pursuant to Fed. R. Civ. P. 12(e), hereby files this answer to the compliant and states:

1.      Admitted that the complaint seeks $1,500,000.00 in damages but denies the remainder the allegation and any other inference therefrom.

2.      Admitted in part that Plaintiffs are seeking a declaratory of rights, but the remainder of the allegations in ¶ 2 is denied.

3.      Admitted in part that (a) Co Defendant Formisano is a physician licensed to practice medicine in the State of Florida; (b) that Co-Defendant Ana Mejias is a licensed massage therapist; (c) that Co-Defendant Guerra is a licensed massage therapist. The remainder of the averment in ¶ 2 is denied.

4.      Admit that the physical therapy or services was rendered by massage therapists without supervision.  The remainder of the averment in ¶ 4 is in part a legal conclusion for which no response is required.

5.      Denied

6.      Admitted that the attached exhibits to the Complaint, Exhibits "1," "2," "3" represent pip claims that have been submitted for payment by the corporate Defendants.  However, the remainder of the averment in ¶ 6 and any inference therefrom is denied.

7.      Denied

8.      Denied

9.      Admitted

10.     Admitted that Defendant DG Esthetic is Florida Corporation with its principle place of business in Miami Florida and that Co-Defendant Lima is the president, sole shareholder of DG Esthetic.  However, the remainder of the averment in ¶ 10 and any inference therefrom is denied.

11.     Admitted that Co-Defendant Lima resides in and is a citizen of Florida and that Lima is the president and sole shareholder of DG Esthetic.  Admit that Co-Defendant Lima is not a licensed physician.  However, the remainder of the averment in ¶ 11 and any inference therefrom is denied.

12.     Admitted that Defendant DA Healthcare is a Florida Corporation with its principle place of business in Miami Florida; Admit that Co-Defendant Alonso is the president and sole shareholder of D.A. Healthcare.  However, the remainder of the averment in ¶ 12 and any inference therefrom is denied.

13.     Admit that Co-Defendant Alonso resides in and is a citizen of Florida and that Alonso is the president and sole shareholder of DA Healthcare.  Admit that Co-Defendant Alonso is not a licensed physician.  However, the remainder of the averment in ¶ 13 and any inference therefrom is denied.

14.     Admitted in part that Co-Defendant Mejias resides in and is a citizen of Florida; Admit that Co-Defendant Mejias is licensed to practice massage therapy. However, the remainder of the averment in ¶ 14 and inference therefrom is denied.

15.     Admitted in part that Defendant Beacon Healthcare is a Florida Corporation with its principle place of business in Miami Florida; Admit that Co-Defendant Herrera is the president and sole shareholder of Beacon Healthcare.  However, the remainder of the averment in ¶ 15 and any inference therefrom is denied.

16.     Admitted in part that Co-Defendant Herrera resides in and is a citizen of Florida and that Herrera is the president and sole shareholder of Beacon Healthcare. Admit that Co-Defendant Herrera is not a licensed physician.  However, the remainder of the averment in ¶ 16 and any inference therefrom is denied.

17.     Admitted in part that Co-Defendant Guerra resides in and is a citizen of Florida; Admitted in part that Co-Defendant Guerra is licensed to practice massage therapy.  However, the remainder of the averment in ¶ 17 and inference therefrom is denied.

18.     Admitted in part that Co-Defendant Formisano resides in and is a citizen of Florida; Admitted in part that Co-Defendant Formisano is licensed to practice medicine.  However, the remainder of the averment in ¶ 14 and inference therefrom is denied.

19.     Admitted

20.     Admitted

21      Admitted

22.     Admitted

23.     The averment in ¶ 23 of the complaint is a conclusion of law to which no response is required.

24.     The averment in ¶ 24 of the complaint is a conclusion of law to which no response is required.

25.     The averment in ¶ 25 of the complaint is a conclusion of law to which no response is required.

26.     The averment in ¶ 26 of the complaint is a conclusion of law to which no response is required.

27.     The averment in ¶ 27 of the complaint is a conclusion of law to which no response is required.

28.     The averment in ¶ 28 of the complaint is a conclusion of law to which no response is required.

29.     The averment in ¶ 29 of the complaint is a conclusion of law to which no response is required.

30.     The averment in ¶ 30 of the complaint is a conclusion of law to which no response is required.

31.     The averment in ¶ 31 of the complaint is a conclusion of law to which no response is required.

32.     The averment in ¶ 32 of the complaint is a conclusion of law to which no response is required.

33.     The averment in ¶ 33 of the complaint is a conclusion of law to which no response is required.

34.     The averment in ¶ 34 of the complaint is a conclusion of law to which no response is required.

35.     The averment in ¶ 35 of the complaint is a conclusion of law to which no response is required.

36.     The averment in ¶ 36 of the complaint is a conclusion of law to which no response is required.

37.     The averment in ¶ 37 of the complaint is a conclusion of law to which no response is required.

38.     The averment in ¶ 38 of the complaint is a conclusion of law to which no response is required.

39.     The averment in ¶ 39 of the complaint is a conclusion of law to which no response is required.

40.     The averment in ¶ 40 of the complaint is a conclusion of law to which no response is required.

41.     The averment in ¶ 41 of the complaint is a conclusion of law to which no response is required.

42.     The averment in ¶ 42 of the complaint is a conclusion of law to which no response is required.

43.     The averment in ¶ 43 of the complaint is a conclusion of law to which no response is required.

44.     Denied

45.     Admitted in part that Co-Defendant Alonso is not a licensed physician. However, the remainder of the averment in ¶ 45 and any inference therefrom is denied.

46.     The averment in ¶ 46 of the complaint is a conclusion of law to which no response is required.

47.     The averment in ¶ 47 of the complaint is in part a conclusion of law to which no response is required.  However, the remainder of the averment in ¶ 47 and any inference therefrom is denied.

48.     Denied

49.     Admitted in part that Co-Defendant Alonso hired Co-Defendant Formisano to act as the medical director of D.A. Healthcare.  However, the remainder of the averment in ¶ 48 and any inference therefrom is denied.

50.     Denied

51.     Denied

52.     Denied

53.     Denied

54.     Denied

55.     Denied

56.     Denied

57.     Admit that Co-Defendant Formisanoacted as a medical director for a number of Florida health care clinics.  However, the remainder of the averment in ¶ 57 and any inference therefrom is denied.

58.     Denied

59.     Denied

60.     Denied

61.     Denied

62.     Denied

63.     Denied

64.     Denied

65.     Denied

66.     Denied

67.     Denied

68.     The averment in ¶ 68 of the complaint is a conclusion of law to which no response is required.

69.     The averment in ¶ 69 of the complaint is in part a conclusion of law to which no response is required.  However, the remainder of the averment in ¶ 69 and any inference therefrom is denied.

70.     Denied

71.     Admit that Co-Defendant Lima hired Co-Defendant Formisano to act as the medical director of DG Esthetic.  However, the remainder of the averment in ¶ 71 and any inference therefrom is denied.

72.     Denied

73.     Denied

74.     Denied

75.     Denied

76.     Denied

77.     Admitted in part that Co-Defendant Formisano acted as a medical director for a number of Florida health care clinics.  However, the remainder of the averment in ¶ 77 and any inference therefrom is denied.

78.     Denied

79.     Denied

80.     Denied

81.     Denied

82.     Admitted in part that Co-Defendant Herrera is not a licensed physician. However, the remainder of the averment in ¶ 82 and any inference therefrom is denied.

83.     Denied

84.     The averment in ¶ 84 of the complaint is a conclusion of law to which no response is required.

85.     The averment in ¶ 85 of the complaint is in part a conclusion of law to which no response is required.  However, the remainder of the averment in ¶ 85 and any inference therefrom is denied.

86.     Denied

87.     Admitted in part that Co-Defendant Herrera hired Co-Defendant Formisano to act as the medical director of Beacon Healthcare.  However, the remainder of the averment in averment in ¶ 87 and any inference therefrom is denied.

88.     Denied

89.     Denied

90.     Denied

91.     Denied

92.     Denied

93.     Admit that Co-Defendant Formisano acted as a medical director for a number of Florida health care clinics.  However, the remainder of the averment in ¶ 93 and any inference therefrom is denied.

94.     Denied

95.     Denied

96.     Denied

97.     Denied

98.     Denied

99. Admit in part. Admit that Defendant DA Healthcare billed for the services alleged in ¶ 99.

100. Admit

101. Denied

102. Admit that Co-Defendant Formisano acted as medical director for a number of healthcare clinics. However, the remainder of the averment in ¶ 102 and any inference therefrom is denied.

103. Admit that Co-Defendant Formisanoneither personally performed nor directly supervised the physical therapy. The remainder of the averment in ¶ 103 and any inference therefrom is denied.

104. Admitted in part that Co-Defendant Formisano visited the clinic to perform patient examinations, sign bills and treatment reports. However, the remainder of the averment in ¶ 104 any inference therefrom is denied.

105. Admittedin part that Co-Defendant Formisano neither personally performed nor supervised the physical therapy rendered by Mejiasat the facility of DA Healthcare. But to the extent that the averment in ¶ 105 alleges that Co-Defendant Formisano did not order or prescribe said therapy is denied.

106. Admitted

107. The averment in ¶ 46 of the complaint is a conclusion of law to which no response is required.

108. The averment in ¶ 46 of the complaint is not an allegation of an ultimate fact; therefore, no response is required.

109.    The averment in ¶ 109 of the complaint is a conclusion of law to which no response is required.

110.    Admitted

111.    The averment in ¶ 111 of the complaint is a conclusion of law to which no response is required.

112.    The averment in ¶ 112 of the complaint is a conclusion of law to which no response is required. Notwithstanding, Defendant's is misstating the law.

113.    Admitted in part that Defendant DA Healthcare erroneously listed Co-Defendant Formisano in the HFCA 1500 forms submitted for payment as the provider who personally rendered or supervised the treatment.  The remainder of the averment in ¶ 113 is in part denied and is in part a conclusion of law for which no response is required.

114.    Admitted in part that Co-Defendant Formisanoneither personally performed nor directly supervised the physical therapy.

115.    Admitted.

116.    Admitted in part that Co-Defendant Formisano was erroneously represented as the provider who personally performed or directly supervised the physical therapy on the HFCA 1500 billing forms; but any inference that said representation is fraudulent or a "material' misstatement" of fact is denied.

117.    Admitted

118.    Admitted in part that Co-Defendant Formisano neither personally performed nor directly supervised the prescribed physical therapy.  The remainder of the averment in ¶ 118 and any adverse inference therefrom is denied.

119.    Denied

120.     Admit

121.     Admit that DA Healthcare billed other insurers.

123.     Admit

124.     Denied

125.     Admit

126.     The averment in ¶ 126 of the complaint is not an allegation of an ultimate fact; therefore, no response is required.

127.     Admit

128.     The averment in ¶ 128 of the complaint is not an allegation of an ultimate fact; therefore, no response is required.

129.     The averment in ¶ 129 of the complaint is not an allegation of an ultimate fact; therefore, no response is required.

130.     The averment in ¶ 46 of the complaint is not an allegation of an ultimate fact; therefore, no response is required.

131.     Denied.

132.     Admit in part the Co-Defendant Mejias was omitted in the HFCA 1500 forms.  But any inference that said omission is fraudulent or a "material" misstatement of fact is denied.

133.     Admit that Co-Defendant Formisano was erroneously represented as the provider who personally performed or directly supervised the physical therapy on the HFCA 1500 billing forms; but any inference that the error is fraudulent or is a "material' misstatement" of fact is denied.

134.    Admitted in part that Co-Defendant Formisano was erroneously represented as the provider who personally performed or directly supervised the physical therapy on the HFCA 1500 billing forms; but any inference that the error is fraudulent or is a "material' misstatement" of fact is denied.

135.    Admit

136.    Denied

137.    Denied

138.    Denied.

139.    Denied

140.    Denied

141.    Denied

142.    Denied

143.    Denied.

Billing Misstatements DG

144.    Admit in part that Co-Defendant DG Esthetic billed for the patient examinations and purported physical therapy alleged in ¶ 144.  But the remainder of the averment in ¶ 144 to the extent that it alleges that Co-Defendants Lima, Formisano and Mejias personally performed or prepared said billing is denied.

145.    Admit

146.    Denied

147.    Admit that Co-Defendant Formisano acted as medical director for a number of healthcare clinics.  However, the remainder of the averment in ¶ 147 and any inference therefrom is denied.

148.    Admit that Co-Defendant Formisano neither personally performed nor directly supervised the prescribed physical therapy.

149.    Admit in part Co-Defendant Formisano visited the clinic to conduct patient examinations, sign bills and treatment reports.  But the remainder of the averment in ¶ 149 or any inference therefrom is denied.

150.    Admit in part that Co-Defendant Fromisanoneither personally performed nor directly supervised the prescribed physical therapy.  However, the remainder of the averment in ¶ 150 and any inference therefrom is denied.

151.    Admit that Co-Defendant Mejias and other massage therapists associated with DG Esthetic rendered the physical therapy services without direct supervision by Co-Defendant Formisano or any other licensed physician.

152.    The averment in ¶ 152 of the complaint is a conclusion of law to which no response is required.

153.    The averment in ¶ 153 of the complaint is not an allegation of an ultimate fact; therefore, no response is required.

154.    The averment in ¶ 154 of the complaint is a conclusion of law to which no response is required.

155.    Admitted

156.    The averment in ¶ 156 of the complaint is a conclusion of law to which no response is required.

157.    The averment in ¶ 157 of the complaint is in a part a conclusion of law to which no response is required.  However, the remainder of the averment in ¶ 157 and any inference therefrom is denied.

- 14 -

158.    The averment in ¶ 158 of the complaint is in a part a conclusion of law to which no response is required.  However, the remainder of the averment in ¶ 158 and any inference therefrom is denied.

159.    The averment in ¶ 159 of the complaint is in a part a conclusion of law to which no response is required.  Notwithstanding, admitted in part that Co-Defendant DG Esthetic was erroneously represented Co-Defendant Formisano as the treating provider who personally performed or directly supervised the physical therapy in the HCFA 1500 billing forms.  However, to the extent that the averment in ¶ 159 alleges or that it can be inferred that said representation is fraudulent or a "material" misstatement of fact is denied.

160.    Admitted that Co-DefedantFormisano neither physically performed nor directly supervised the underlying physical therapy services.

161.    Admitted

162.    Admitted that Co-Defendant erroneously represented Co-Defendant Formisano on the HFCA 1500 billing forms as the provider who personally performed or directly supervised the physical therapy services.  But any inference therefrom that said representation is fraudulent or a "material" misstatement of fact is denied.

163.    Admittedin part that Co-Defendant Formisano neither physically performed nor directly supervised the underlying physical therapy services.

164.    Denied

165.    Admit

166.    Admitted in part that Co-Defendant billed other automobile insurers.  But to the extent that the averment in ¶ 166 alleges that Co-Defendant DG Esthetic engaged in fraudulent billing is denied.

167.    Denied

168.    Admitted

169.    Denied

170.    Admitted in part that physical therapy services were performed by Co-Defendant Mejias and other massage therapists rather than Co-Defendant Formisano; Admit in part that said physical therapy was performed by Co-Defendant Mejias and other massage therapists without direct supervision by Co-Defendant Formisano or any other licensed physician.  But to the extent that the averment in ¶ 170 alleges that physical therapy rendered by Co-Defendant Mejias and other massage therapists employed by Co-Defendant DG Esthetic is not physical therapy because Mejias and other massage therapists are not licensed as physical therapists is a legal conclusion to which no response is required.

171.    The averment in ¶ 171 of the complaint is a conclusion of law to which no response is required.

172.    Admitted

173.    The averment in ¶ 173 of the complaint is a conclusion of law to which no response is required.

174.    The averment in ¶ 174 of the complaint is a conclusion of law to which no response is required.

175.    The averment in ¶ 175 of the complaint is a conclusion of law to which no response is required.

176.    The averment in ¶ 176 of the complaint is in part a conclusion of law to which no response is required.  The remainder of the averment in ¶ 176 is denied.

177.    Admitted in part that Co-Defendant Mejias and the identity of other massage therapists were omitted on the HCFA 1500 billing forms.  However, to the extent that the averment in ¶ 177 alleges that Co-Defendant Mejias or other massage therapist were omitted to conceal that the therapy was rendered by Mejiasor other massage therapists without supervision is denied.

178.    Admitted in part that Co-Defendant erroneously represented Co-Defendant Formisano on the HFCA 1500 billing forms as the provider who personally performed or directly supervised the physical therapy services.  But any inference therefrom that said error is fraudulent or a "material" misstatement of fact is denied.

179.    Admitted in part that Co-Defendant DG Esthetic erroneously represented Co-Defendant Formisano on the HFCA 1500 billing forms as the provider who personally performed or directly supervised the physical therapy services.  But to the extent that the averment in ¶ 180 alleges or that it can be inferred that said representation is fraudulent or a "material" misstatement of fact is denied.

180.    Admittedin part that Co-Defendant DG Esthetic erroneously represented Co-Defendant Formisano on the HFCA 1500 billing forms as the provider who personally performed or directly supervised the physical therapy services.  But to the extent that the averment in ¶ 180 alleges that said representation is fraudulent or a "material" misstatement of fact is denied.

181.   The averment in ¶ 181 of the complaint is in a part a conclusion of law to which no response is required. But to the extent that the averment ¶ 181 alleges that the physical therapy was rendered by massage therapists without direct supervision is admitted.  To the extent that averment in ¶ 181 alleges that the alleged concealment of the massage therapists in the billing statements amounts to fraud or a material misstatement of fact is denied.

182.   Denied

183.   Denied

184.   Denied

185.   Denied

186.   Denied

187.   The averment in ¶ 187 of the complaint contains both conclusions of law and statements which are not ultimate facts; therefore, no response is required.

188.   Denied

**Fraudulent Misrep Identities at Beacon**

189.   Admitted in part that Co-Defendant Beacon Healthcare billed for the patient examinations and purported physical therapy alleged in ¶ 189.  But the remainder of the averment in ¶ 189 to the extent that it alleges that Co-Defendants Formisano and Guerra personally performed or prepared said billing is denied.

190.   Admitted

191.   Denied

192.    Admit that Co-Defendant Formisano acted as medical director for a number of healthcare clinics.  However, the remainder of the averment in ¶ 192 and any inference therefrom is denied.

193.    Admitted in part that Co-Defendant Formisano neither personally performed nor directly supervised the prescribed physical therapy.

194.    Admitted in part that Co-Defendant Formisano visited the clinic to conduct patient examinations, sign bills and treatment reports.  But the remainder of the averment in ¶ 149 or any inference there from is denied.

195.    Admitted in part that Co-Defendant Formisanoneither personally performed nor directly supervised the prescribed physical therapy.  However, the remainder of the averment in ¶ 195 and any inference therefrom is denied.

196.    Admitted in part that Co-Defendant Guerra and other massage therapists associated with Beacon Healthcare rendered the physical therapy services without direct supervision by Co-Defendant Formisano or any other licensed physician.

197.    The averment in ¶ 197 of the complaint is a conclusion of law to which no response is required.

198.    The averment in ¶ 198 of the complaint is not an allegation of an ultimate fact; therefore, no response is required.

199.    The averment in ¶ 199 of the complaint is a conclusion of law to which no response is required.

200.    Admitted

201.    The averment in ¶ 201 of the complaint is a conclusion of law to which no response is required. Notwithstanding, Plaintiffs' are misstating the law in ¶ 201 of the complaint.

202.    The averment in ¶ 202is in part a conclusion of law to which no response is required.  Notwithstanding, Plaintiffs' are misstating the law in ¶ 202 of the complaint. The remainder of the averment in ¶ 202 is denied.

203.    Admitted

204.    Denied

205.    Admit

206.    Admit that Co-Defendant neither personally performed nor directly supervised the physical therapy rendered by massage therapists at the facility of Co-Defendant Beacon Healthcare.

207.    Admit that Co-Defendant Formisanowas erroneously represented as the provider who personally performed or directly supervised the physical therapy on the HFCA 1500 billing forms; but any inference that said representation is fraudulent or "material' misstatement" of fact is denied

208(i)-(x)      Admit

209.    Admitted   in   part   that   Co-Defendant   Formisanowas   erroneously represented as the provider who personally performed or directly supervised the physical therapy on the HFCA 1500 billing forms; but any inference that said representation is fraudulent or "material' misstatement" of fact is denied

210.    Admitted

211.    To the extent that that averment in ¶ 211 alleges that Co-Defendant Beacon Healthcare engaged in fraudulent billing is denied.   The remainder of the averment in ¶ 211 is not an allegation of an ultimate fact to which no response to is required.

212.    Admitted

213.    To the extent that that averment in ¶ 213 alleges that Co-Defendant Beacon Healthcare engaged in fraudulent billing is denied.   The remainder of the averment in ¶ 213 is not an allegation of an ultimate fact to which no response to is required.

214.    The averment in ¶ 214 is vague or ambiguous; therefore, same is denied.

215.    Admitted

216.    Denied

217.    Admitted in part that the physical therapy was rendered by massage therapists without direct supervision by a licensed physician at the facility of Co-Defendant, Beacon Healthcare.  But to the extent that the averment in ¶ 217 alleges that the physical therapy rendered by massage therapists employed by Co-Defendant Beacon Healthcare is not physical therapy because said massage therapists were not licensed as physical therapists is a legal conclusion to which no response is required.

218.    The averment in ¶ 218 of the complaint is a conclusion of law to which no response is required.

219.    Admitted

220.    The averment in ¶ 220 of the complaint is a conclusion of law to which no response is required.

221.    The averment in ¶ 221 of the complaint is a conclusion of law to which no response is required.

222.    The averment in ¶ 222 of the complaint is a conclusion of law to which no response is required.

223.    Admitted in part that the physical therapy was rendered by massage therapists without direct supervision by a licensed physician at the facility of Co-Defendant, Beacon Healthcare.  The remainder of the averment in ¶ 222 is denied.

224.    Admitted in part the Co-Defendant Guerra and the other massage therapists were omitted in the HFCA 1500 billing forms.  But any inference that said omission is fraudulent or a "material" misstatement of fact is denied.

225.    Admittedin part that Co-Defendant Formisano was erroneously represented as the provider who personally performed or directly supervised the physical therapy on the HFCA 1500 billing forms; but any inference that said representation is fraudulent or "material' misstatement" of fact is denied

226.    Admitted in part that Co-Defendant Beacon erroneously represented Co-Defendant Formisano on the HFCA 1500 billing forms as the provider who personally performed or directly supervised the physical therapy services.  But to the extent that the averment in ¶ 180 alleges or that it can be inferred that said representation is fraudulent or a "material" misstatement of fact is denied.

227.    Admitted in part that Co-Defendant Beacon erroneously represented Co-Defendant Formisano on the HFCA 1500 billing forms as the provider who personally performed or directly supervised the physical therapy services.  But to the extent that the

averment in ¶ 180 alleges or that it can be inferred that said representation is fraudulent or a "material" misstatement of fact is denied.

228.   Denied

229.   Denied

230.   Denied

231.   Denied

232.   Denied

234.   Denied

235.   Denied

236.   Denied

237.   Denied

238.   Denied

239.   Denied

240.   Admittedin part that Co-Defendant Formisano did not personally perform nor directly supervise the physical therapy.   The remainder of the averment in ¶ 240 and any inference therefrom is denied.

241.   Denied

242.   Denied

243.   Denied

244.   Denied

245.   Admitted in part that in the claims identified in Exhibits 1-3, all the insureds were involved in auto accidents; however, the remainder of the averment in ¶ 245 and any inference therefrom is denied.

246.    Denied

247.    Denied

248.    Denied

249.    Denied

250.    The averment in ¶ 150 is an allegation of an ultimate fact to which no response is required.

251.    Denied

252.    Admit in part that Co-Defendant DA Healthcare provided initial examinations to the insureds identified in Exhibit 1 attached to the Complaint.  The remainder of the averment in ¶ 252 and any inference therefrom is denied.

253.    Admit

254.    Admit

253.    Admit

254.    Admit

255.    Denied

256.    Denied

257.    Denied

258.    The averment in ¶ 258 of the complaint is a conclusion of law to which no response is required.

259.    The averment in ¶ 259 of the complaint is not an allegation of an ultimate fact to which a response is required.

260.    Admitted.

261.    Denied

262.    Denied

263.    Denied

264.    Admitted in part that the claims for the initial examinations in Exhibit 1 were billed under CPT Code 99203.  However, the remainder of the averment in ¶ 264 is denied.

265.    Denied

266.    Denied

267.    Denied

268.    Denied

269.    Denied

270.    The averment in ¶ 270 of the complaint is not an allegation of an ultimate fact to which a response is required.

271.    Admitted in part that Co-Defendant DA Healthcare billed initial examinations under CPT Code 99203.  However, the remainder of the averment in ¶ 271 and any inference therefrom is denied.

272.    Denied

273.    Denied

274.    Denied

275.    Denied

276.    Denied

277.    Denied

278.    Denied

279.    Denied

280.    Denied

281.    Denied

282.    The averment in ¶ 282 of the complaint is not an allegation of an ultimate fact to which a response is required.

283.    Admitted in part that Co-Defendant DA Healthcare billed the initial examinations under CPT Code 99203.  However, the remainder of the averment in ¶ 283 and any inference therefrom is denied.

284.    The averment in ¶ 284 of the complaint is not an allegation of an ultimate fact to which a response is required.

285.    Denied

286.    The averment in ¶ 286 of the complaint is not an allegation of an ultimate fact to which a response is required.

287.    Denied

288.    Denied

289.    Denied

290.    Denied

291.    Denied

292.    Denied

293.    The averment in ¶ 293 of the complaint is not an allegation of an ultimate fact to which a response is required.

294.    The averment in ¶ 294 of the complaint is not an allegation of an ultimate fact to which a response is required.

295.    Admitted in part that Co-Defendant DA Healthcare billed the initial examinations under CPT Code 99203.  However, the remainder of the averment in ¶ 295 and any inference therefrom is denied.

296.    Denied

297.    Denied

298.    Denied

299.    Denied

300.    Denied

301.    Denied

302.    Denied

303.    Denied

304.    Denied

305.    Denied

306.    Denied

307.    Denied

308.    Admit

309.    Admit

310.    Denied

311.    Denied

312.    Denied

313.    Denied

314.    Denied

315.    Denied

316. Denied

317. Denied

318. Denied

319. Denied

320. Denied

321. Denied

322. Denied

323. Denied

324. Denied

325. Deneid

326. Denied

327. Denied

328. Denied

329. Denied

330. Denied

331. Denied

332. Denied

333. Denied

334. Denied

335. Denied

336. Denied

337. Denied

338.    The averment in ¶ 338 of the complaint is not an allegation of an ultimate fact to which a response is required.

339.    The averment in ¶ 339 of the complaint is not an allegation of an ultimate fact to which a response is required.

340.    The averment in ¶ 340 of the complaint is not an allegation of an ultimate fact to which a response is required.

341.    The averment in ¶ 341 of the complaint is not an allegation of an ultimate fact to which a response is required.

342.    The averment in ¶ 342 of the complaint is not an allegation of an ultimate fact to which a response is required.

343.    The averment in ¶ 343 of the complaint is not an allegation of an ultimate fact to which a response is required.

344.    The averment in ¶ 344 of the complaint is not an allegation of an ultimate fact to which a response is required.

345.    The averment in ¶ 345 of the complaint is not an allegation of an ultimate fact to which a response is required.

346.    Denied

347.    Denied

348.    Denied

349.    Denied

350.    Denied

351.    Denied

352.    Denied

353.   Denied

354.   Denied

355.   Denied

356.   Denied

357.   Denied

358.   Denied

359.   Denied

360.   Denied

361.   Denied

362.   Denied

363.   Denied

364.   Denied

365.   Denied

366.   Denied

367.   Denied

368.   Denied

369.   Denied

370.   Denied

371.   Denied

372.   Denied

373.   Denied.

373.   Denied

374.   Denied

375.    Denied

376.    Denied

377.    Admitted in part that the physical therapy services were performed by Co-Defendant Mejias and other massage therapists whom were not licensed as physical therapists.  The remainder of the averment in ¶ 377 is denied.

378.    Admitted

379.    The averment in ¶ 379 of the complaint is a conclusion of law to which no response is required.

380.    The averment in ¶ 380 is not an allegation of an ultimate fact to which no response is required.

381.    The averment in ¶ 381 of the complaint is a conclusion of law to which no response is required.

382.    Admitted in part that Co-Defendant Formisanois erroneously represented as the provider who personally performed or directly supervised the physical therapy on the HFCA 1500 billing forms; but any inference that said representation is fraudulent or "material' misstatement" of fact is denied

383.    Admitted

384.    Denied

385.    Admitted that Co-Defendant Formisano acted as a medical director for other health care clinics.  However, the remainder of the averment in ¶ 385 is denied.

386.    Admitted

387.    Admitted that Co-Defendant Formisano was erroneously represented as the provider or direct supervisor of the physical therapy on the HFCA 1500 billing forms;

- 31 -

but any inference that said representation is fraudulent or a "material" misstatement" of fact is denied.  To remainder of the averment in ¶ 387 is denied.

388.    The averment in ¶ 388 of the complaint is a conclusion of law to which no response is required.

389.    The averment in ¶ 389 of the complaint is a conclusion of law to which no response is required.

390.    Denied

391.    Admitted in part that the physical therapy services were performed by Co-Defendant Mejias and other massage therapists, all of whom were not licensed as physical therapists.  The remainder of the averment in ¶ 391 is denied.

392.    Denied

394.    Denied

395.    Denied

396.    Denied

397.    Denied

398.    The averment in ¶ 398 of the complaint is a conclusion of law to which no response is required.

399.    The averment in ¶ 399 is not an allegation of an ultimate fact to which no response is required.

400.    The averment in ¶ 400 is not an allegation of an ultimate fact to which no response is required.

401.    Denied

402.    Denied

- 32 -

403.    Denied

404.    Denied

405.    Denied

406.    Denied

407.    Denied

408.    Denied

409.    Denied

410.    The averment in ¶ 410 of the complaint is not an allegation of an ultimate

fact to which no response is required.

411.    Denied

412.    Denied

413.    Denied

414.    Denied

415.    Denied

416.    Denied

417.    Denied

418.    Denied

419.    Denied

420.    Denied

421.    Denied

422.    Denied

423.    Denied

424.    Denied

425.    Denied

426.    The averment in ¶ 399 is not an allegation of an ultimate fact to which no response is required.

427.    Denied

428.    Denied

429.    Denied

430.    Denied

431.    Denied

432.    Denied

433.    Denied

434.    Denied

435.    Denied

436.    Denied

436.    Denied

437.    Denied

438.    Denied

439.    Denied

440.    Denied

441.    Denied

442.    Denied

443.    Denied

444.    Denied

445.    Denied

446.   Denied

447.   Denied

448.   Denied

449.   Denied

450.   Denied

451.   Denied

452.   Denied

453.   Denied

454.   Denied

455.   Denied

446.   Denied

447.   Denied

448.   Denied

448.   Denied

449.   Denied

450.   Denied

451.   Denied

452.   Denied

453.   Denied

454.   Denied

455.   Denied

456.   Denied

457.   Denied

458. Denied

459. Denied

460. Denied

461. Denied

462. Denied

463. Denied

464. Denied

465. Denied

466. Denied

467. Denied

468. Denied

469. Denied

470. Denied

471. Denied

472. Denied

473. Denied

474. Denied

475. Denied

476. Denied

477. Denied

478. The averment in ¶ 478 is not an allegation of an ultimate fact to which no response is required.

479.    The averment in ¶ 479 is not an allegation of an ultimate fact to which no response is required.

480.    The averment in ¶ 480 is not an allegation of an ultimate fact to which no response is required.

481.    The averment in ¶ 481 is not an allegation of an ultimate fact to which no response is required.

482.    The averment in ¶ 482 is not an allegation of an ultimate fact to which no response is required.

483.    The averment in ¶ 483 is not an allegation of an ultimate fact to which no response is required.

484.    The averment in ¶ 484 is not an allegation of an ultimate fact to which no response is required.

485.    The averment in ¶ 385 is not an allegation of an ultimate fact to which no response is required.

486.    Denied

487.    Denied

488.    Denied

489.    Denied

490.    Denied

491.    Denied

492.    Denied

493.    Denied

494.    Denied

495. Denied

496. Denied

497. Denied

498. Denied

499. Denied

491. Denied

492. Denied

493. Denied

494. Denied

495. Denied

496. Denied

497. Denied

498. Denied

500. Denied

501. Denied

502. Denied

503. Denied

504. Denied

505. Denied

506. Denied

507. Denied

508. Denied

509. Denied

510.    Denied

511.    Denied

512.    Denied

513.    Denied

514.    Denied

515.    Denied

516.    Denied

517.    Admitted in part that the physical therapy was performed without supervision by Co-Defendant Mejias and other massage therapists, all of whom were not licensed as physical therapists.   However, the remainder of the averment in ¶ 517 is denied.

518.    Admitted

519.    The averment in ¶ 519 is conclusion of law to which no response is required.

520.    The averment in ¶ 520 is not an allegation of an ultimate fact to which no response is required.

521.    The averment in ¶ 521 is conclusion of law to which no response is required.  Notwithstanding, the averment in ¶ 521 is a misstatement of the law.

522.    Admitted that Co-Defendant Formisanois erroneously represented as the provider who personally performed or directly supervised the physical therapy on the HFCA 1500 billing forms; but any inference that said representation is fraudulent or "material' misstatement" of fact is denied

523.    Admitted

524.    Denied

525.    Admitted in part that Co-Defendant served as a medical director for other health care clinics.  But the remainder of the averment in ¶ 525 is denied.

526.    Admitted

527.    Admitted in part that Co-Defendant Formisano was erroneously represented as the provider who personally performed or directly supervised of the physical therapy on the HFCA 1500 billing forms; but any inference that the error is fraudulent or is a "material' misstatement" of fact is denied.  The remainder of the averment in ¶ 527 is denied to the extent that it alleges that physical therapy was unlawfully rendered by Co-Defendant Mejias or other massage therapists.

528.    The averment in ¶ 528 is conclusion of law to which no response is required.

529.    The averment in ¶ 529 is conclusion of law to which no response is required.

530.    Denied

531.    Admitted in part that the physical therapy was performed without supervision by Co-Defendant Mejias and other massage therapists, all of whom were not licensed as physical therapists.  However, the remainder of the averment in ¶ 531 is denied.

532.    Admitted in part that the initial examinations were provided to the named insureds identified in Exhibit 3.  However, the remainder of the averment in ¶ 532 and any inference therefrom is denied.

533.    Admitted

534.    Admitted

535.    Denied

536.    Denied

537.    Denied

538.    The averment in ¶ 538 is a conclusion of law to which no response is required.

539.    The averment in ¶ 539 is not an allegation of an ultimate fact to which no response is required.

540.    The averment in ¶ 540 is not an allegation of an ultimate fact to which no response is required.

541.    The averment in ¶ 541 is not an allegation of an ultimate fact to which no response is required.

542.    The averment in ¶ 542 is not an allegation of an ultimate fact to which no response is required.

543.    The averment in ¶ 543 is not an allegation of an ultimate fact to which no response is required.

544.    Denied

545.    Denied

546.    Denied

547.    Denied

548.    Denied

549.    Denied

550.    Denied

- 41 -

551.    Denied

552.    Denied

553.    The averment in ¶ 553 is not an allegation of an ultimate fact to which no response is required.

554.    Denied

555.    Denied

556.    Denied

557.    Denied

558.    Denied

559.    Denied

560.    Denied

561.    Denied

562.    Denied

563.    Denied

564.    Denied

566.    Denied

567.    The averment in ¶ 567 is not an allegation of an ultimate fact to which no response is required.

568.    The averment in ¶ 568 is not an allegation of an ultimate fact to which no response is required.

569.    The averment in ¶ 569 is not an allegation of an ultimate fact to which no response is required.

570.    The averment in ¶ 570 is not an allegation of an ultimate fact to which no response is required.

571.    Denied

572.    Denied

573.    Denied

574.    Denied

575.    Denied

576.    Denied

577.    Denied

578.    The averment in ¶ 578 is not an allegation of an ultimate fact to which no response is required.

579.    The averment in ¶ 579 is not an allegation of an ultimate fact to which no response is required.

580.    The averment in ¶ 580 is not an allegation of an ultimate fact to which no response is required.

581.    The averment in ¶ 581 is not an allegation of an ultimate fact to which no response is required.

582.    The averment in ¶ 582 is not an allegation of an ultimate fact to which no response is required.

583.    Denied

584.    The averment in ¶ 584 is not an allegation of an ultimate fact to which no response is required.

585.    Denied

586. Denied

587. Denied

588. Denied

589. Denied

590. Denied

591. Denied

592. Denied

593. Denied

594. Denied

595. Denied

596. Denied

597. Denied

598. Denied

599. Denied

600. Denied

601. Denied

602. Denied

603. Denied

604. Denied

605. Denied

606. Denied

607. Denied

608. Denied

609.    Denied

610.    Denied

611.    Denied

612.    Denied

613.    Denied

614.    Denied

615.    Denied

616.    Denied

617.    Denied

618.    Denied

619.    Denied

620.    Admit

621.    Denied

622.    Denied

623.    Denied

624.    Denied

625.    The averment in ¶ 625 is not an allegation of an ultimate fact to which no response is required.

626.    The averment in ¶ 626 is not an allegation of an ultimate fact to which no response is required.

627.    The averment in ¶ 627 is not an allegation of an ultimate fact to which no response is required.

628.    The averment in ¶ 628 is not an allegation of an ultimate fact to which no response is required.

629.    The averment in ¶ 629 is not an allegation of an ultimate fact to which no response is required.

630.    The averment in ¶ 630 is not an allegation of an ultimate fact to which no response is required.

631.    The averment in ¶ 631 is not an allegation of an ultimate fact to which no response is required.

632.    The averment in ¶ 632 is not an allegation of an ultimate fact to which no response is required.

633.    Denied

634.    The averment in ¶ 634 is not an allegation of an ultimate fact to which no response is required.

635.    The averment in ¶ 543 is not an allegation of an ultimate fact to which no response is required.

636.    The averment in ¶ 543 is not an allegation of an ultimate fact to which no response is required.

637.    The averment in ¶ 637 is not an allegation of an ultimate fact to which no response is required.

638.    Denied

639.    Denied

640.    Denied

641.    Denied

642.   Denied

643.   Denied

644.   Denied

645.   Denied

644.   Denied

645.   Denied

646.   Denied

647.   Denied

648.   Denied

649.   Denied

650.   The averment in ¶ 650 is not an allegation of an ultimate fact to which no response is required.

651.   The averment in ¶ 651 is not an allegation of an ultimate fact to which no response is required.

652.   Denied

653.   Denied

654.   Denied

655.   Denied

656.   Denied

657.   Denied

658.   Denied

659.   Admitted in part that Co-Defendant Formisano was erroneously represented as the provider or direct supervisor of the physical therapy on the HFCA

1500 billing forms and that physical therapy was performed instead by Co-Defendant Guerra and other massage therapists without supervision; but any inference that said representation is fraudulent or a "material' misstatement" of fact is denied.

660.    Admitted

661.    Denied

662.    Denied

663.    Admitted in part that Co-Defendant Formisano was erroneously represented as the provider or direct supervisor of the physical therapy on the HFCA 1500 billing forms and that the physical therapy was performed instead by Co-Defendant Guerra and other massage therapists without supervision; but any inference that said representation is fraudulent or a "material' misstatement" of fact is denied.

664.    Admitted

665.    The averment in ¶ 665 is a conclusion of law to which no response is required.

666.    The averment in ¶ 666 is a conclusion of law to which no response is required.

667.    The averment in ¶ 667 is a conclusion of law to which no response is required. Notwithstanding, Plaintiffs' misstate the law in ¶ 668.

668.    Admitted in part that Co-Defendant Formisano was erroneously represented as the provider or direct supervisor of the physical therapy on the HFCA 1500 billing forms and that the physical therapy was performed by Co-Defendant Guerra and other massage therapists; but any inference that said representation is fraudulent or a "material' misstatement" of fact is denied.

669. Admit

670. Denied

671. Admitted that Co-Defendant Formisano served as a medical director for other healthcare clinics.

672. Admitted in part that Co-Defendant Formisanois erroneously represented as the provider who personally performed or directly supervised the physical therapy on the HFCA 1500 billing forms and that the physical therapy was instead performed by Co-Defendant Guerra and other massage therapists; but any inference that said representation is fraudulent or a "material' misstatement" of fact is denied.

673. Admitted in part that Co-Defendant Formisano was erroneously represented as the provider or direct supervisor of the physical therapy on the HFCA 1500 billing forms and that the physical therapy was performed by Co-Defendant Guerra and other massage therapists; but any inference that said representation is fraudulent or a "material' misstatement" of fact is denied.

674. The averment in ¶ 674 is a conclusion of law to which no response is required.

675. The averment in ¶ 675 is a conclusion of law to which no response is required.

676. Denied

677. Admitted in part that Co-Defendant Formisano was erroneously represented as the provide who personally performed or directly supervised the physical therapy on the HFCA 1500 billing forms and that the physical therapy was instead

performed by Co-Defendant Guerra and other massage therapists; but any inference that said representation is unlawful, fraudulent or a "material' misstatement" of fact is denied.

678.    Denied

679.    Denied

680.    Denied

681.    Denied

682.    Denied

683.    Denied

684.    Denied

685.    Denied

686.    Denied

687.    Denied

688.    Denied

## FIRST CAUSE OF ACTION

### DECLARATORY JUDGMENT – 28. U.S.C. §§ 2201 and 2202)
### Against Defendants DA Health, DG Esthetic & Beacon

689.    Defendants DA Health, DG Esthetic, Beacon incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-688.

690.    Admitted

691.    Denied

692.    Denied

693.    Denied

694.    Denied

695.    Denied

696.    The averment in ¶ 696 is a prayer for relief for which no response is required. Notwithstanding, the prayer for relief in ¶ 696 should be denied.

## SECOND CAUSE OF ACTION
**Against Defendants Alfonso &Formisano**
**(Violation of RICO, 18 U.S.C., 1962(c)**

697.    Defendants Alfonso &Formisano incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-66, 98-143, 236-240, 244-391 and 678-688.

698.    Admit

699.    Denied

700.    Denied

701.    Denied

702.    Denied

703.    Denied

704.    Denied

### THIRD CAUSE OF ACTION
**Against Alfonso, Formisano&Mejias**
**(Violation of RICO, 18 U.S.C., § 1962(d))**

705.    Defendants Alfonso, Formisano and Mejias incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-66, 98-143, 236-240, 244-391 and 678-688.

706.    Admitted

707.    Admitted

708.    Denied

709.    Denied

710.    Denied

711.    Denied

712.    Denied

### FOURTH CAUSE OF ACTION
**Against all DA Health Defendants**
**(Under §§ 501.201, Fla. Stat. et. seq.)**

713.    Defendants DA Health, Alfonso, Formisano and Mejias incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-66, 98-143, 236-240, 244-391 and 678-688.

714.    Admitted

715.    Admitted

716.    Denied

717.    Denied

718.    Denied

719.    Denied

720.    Denied

721.    Denied

### FIFTH CAUSE OF ACTION
### Against all Defendants Alfonso, Formisano and Mejias
### (Under §§ 772.103, Fla. Stat., et. seq.)

722.    Defendants Alfonso, FormisanoMejias, incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-66, 98-143, 236-240, 244-391 and 678-688.

723.    Denied

724.    Denied

725.    Denied

726.    Denied

727.    Denied

728.    Denied

### SIXTH CAUSE OF ACTION
### Against all DA Health Defendants
### (Common Law Fraud)

729.    Defendants DA Health, Alfonso, Formisano and Mejias incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-66, 98-143, 236-240, 244-391 and 678-688.

341.    Denied.[1]

731.    Denied

732.    Denied

733.    Denied

---

[1] This paragraph is erroneously numbered as ¶ 341 in the compliant when instead it should be numbered as ¶ 731.

734.    Denied

## SEVENTH CAUSE OF ACTION
### Against all DA Health Defendants
### (Unjust Enrichment)

735.    Defendants DA Health, Alfonso, Formisano and Mejias incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-66, 98-143, 236-240, 244-391 and 678-688.

736.    Denied

737.    Denied

738.    Denied

739.    Denied

740.    Denied

## EIGHTH CAUES OF ACTION
### Against Defendants Lima & Formisano
### (Violation of RICO, 18 U.S.C. § 1962(c))

741.    Defendants Lima and Formisano incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-66, 67-81, 98, 144-188, 236-251, 392-531 and 678-688.

742.    Admit

743.    Denied

744.    Denied

745.    Denied

746.    Denied

747.    Denied

748.    Denied

## NINTH CAUES OF ACTION
### Against Defendants Lima &Formisano and Mejias
### (Violation of RICO, 18 U.S.C. § 1962(d))

749.   Defendants Lima, Formisano&Mejias incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-66, 67-81, 98, 144-188, 236-251, 392-531 and 678-688.

750.   Admitted

751.   Admitted

752.   Denied

753.   Denied

754.   Denied

755.   Denied

756.   Denied

## TENTH CAUES OF ACTION
### Against Defendants DG Esthetic, Lima &Formisano and Mejias
### (Under Fla. Stat. 501.201 et. seq.)

757.   Defendants DG Esthetic, Lima, Formisano&Mejias incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-66, 67-81, 98, 144-188, 236-251, 392-531 and 678-688.

758.   Admitted

759.   Admitted

760.   Denied

761.   Denied

762.   Denied

763.   Denied

764.    Denied

765.    Denied

## ELEVENTH CAUES OF ACTION
### Against Defendants Lima, Formisano and Mejias
### (Under Fla. Stat. 772.103 et. seq.)

766.    Defendants Lima, Formisano & Mejias incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-66, 67-81, 98, 144-188, 236-251, 392-531 and 678-688.

767.    Denied

768.    Denied

769.    Denied

770.    Denied

771.    Denied

772.    Denied

## TWELFTH CAUES OF ACTION
### Against Defendants DG Esthetic, Lima &Formisano and Mejias
### (Common Law Fraud)

773.    Defendants DG Esthetic, Lima, Formisano & Mejias incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-66, 67-81, 98, 144-188, 236-251, 392-531 and 678-688.

774.    Denied

341.    Denied

775.    Denied

776.     Denied

777.    Denied

778.   Denied

## THIRTEENTH CAUES OF ACTION
### Against Defendants DG Esthetic, Lima, Formisano and Mejias
### (Unjust Enrichment)

779.   Defendants DG Esthetic, Lima, Formisano & Mejias incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-66, 67-81, 98, 144-188, 236-251, 392-531 and 678-688.

780.   Denied

781.   Denied

782.   Denied

783.   Denied

784.   Denied

## FOURTEENTH CAUSE OF ACTION
### Against Defendants Herrera & Formisano
### (Violation of RICO, 18 U.S.C. § 1962(c))

785.   Defendants Herrera & Formisano incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-44, 82-98, 189-240, 244-251 and 532-688.

786.   Admitted

787.   Denied

788.   Denied

789.   Denied

790.   Denied

791.   Denied

792.   Denied

**FIFTEENTH CAUSE OF ACTION**
**Against Defendants Herrera, Formisano and Guerra**
**(Violation of RICO, 18 U.S.C. § 1962(d))**

793.    Defendants Herrera, Formisano and Guerra incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-44, 82-98, 189-240, 244-251 and 532-688.

794.    Admitted

795.    Admitted

796.    Denied

797.    Denied

798.    Denied

799.    Denied

800.    Denied

**SIXTEENTH CAUSE OF ACTION**
**Against Defendants Beacon Healthcare, Herrera, Formisano and Guerra**
**(Under Fla. Stat. 501.201 et. seq.)**

801.    Defendants Beacon Healthcare, Herrera, Formisano and Guerra incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-44, 82-98, 189-240, 244-251 and 532-688.

802.    Admitted

803.    Admitted

804.    Denied

805.    Denied

806.    Denied

807.    Denied

808.   Denied

809.   Denied

## SEVENTEENTH CAUSE OF ACTION
### Against Defendants Herrera, Formisano and Guerra
### (Under Fla. Stat. 772.103 et. seq.)

810.   Defendants Herrera, Formisano and Guerra incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-44, 82-98, 189-240, 244-251 and 532-688.

811.   Denied

812.   Denied

813.   Denied

814.   Denied

815.   Denied

816.   Denied

## EIGHTEENTH CAUSE OF ACTION
### Against Defendants Herrera, Formisano and Guerra
### (Common Law Fraud)

817.   Defendants Herrera, Formisano and Guerra incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-44, 82-98, 189-240, 244-251 and 532-688.

818    Denied

819.   Denied

341.   Denied

819.   Denied

820.   Denied

821.    Denied

822.    Denied

### NINETEENTH CAUSE OF ACTION
**Against Defendants Beacon Healthcare, Herrera, Formisano and Guerra**
**(Common Law Fraud)**

823.    Defendants Beacon Healthcare, Herrera, Formisano and Guerra incorporate, as though fully set forth herein, its plea of admission and traverse to the allegations under ¶¶ 1-44, 82-98, 189-240, 244-251 and 532-688.

824.    Denied

825.    Denied

826.    Denied

827.    Denied

828.    Denied

### AFFIRMATIVE DEFENSES

### I

### § 486.161(1), Fla. Stat.

829.    Notwithstanding that the subject physical therapy at issue was rendered by massage therapists whom were neither licensed as physical therapists nor supervised by a licensed physician or physical therapist, Plaintiffs' cause of action is negated in part whereas here, the statutory requirements imposed by the physical therapy statutes, §§ 486.011, *Fla. Stat., et. seq*., are inapplicable.  Under § 486.161(1), *Fla. Stat*., massage therapists are exempt from both the licensing requirement and supervision requirements of unlicensed personnel under Chapter 486; as such, massage therapists need not be licensed under Chapter 486 nor supervised to lawfully render the therapy at issue.  The

statutory exemption under § 486.161(1) applies for the following three reasons:  (a) said physical therapy was rendered by licensed massage therapists who are one of the enumerated licensing profession exempted under § 486.161(1); (b) the physical therapy modalities at issue, which do not involve the manipulation of the soft tissue by hand, foot or elbow (i.e., massage), require the use of physical agents; (c) the physical therapy modalities are incidental to the lawful practice of massage therapy.   Therefore, the complaint fails to state a cause of action to the extent that Plaintiffs' allege that said physical therapy was unlawfully rendered where it was performed by massage therapists without supervision by a licensed physician or physical therapist.

## II

## ESTOPPEL, WAIVER, LACHES

### (a) Cpt Codes 99203, 99213, 9924

830.   Plaintiffs' cause of action alleging in part that Defendants fraudulently upcoded CPT Codes 99203, 99213, 99214 and that Defendant Formisano did not take action to correct the alleged improper coding, and therefore, Formisano did not perform systematic reviews as a medical director, is defeated by waiver, estoppel and laches.

831.   At all times material hereto, the GEICO Plaintiffs' had full knowledge of all material facts regarding whether said CPT Codes were proper whereas here, the Defendants submitted the corresponding treatment records together with the HFCA billing forms, which included the initial and follow up exam reports for review.  The initial and follow up exam reports, on their face, clearly indicate whether or not the exams met the criteria of said codes such as (a) whether the injuries were of either a

lower or moderate severity; (b) whether the examinations were sufficiently detailed, and (c) whether the examination involved a 'low complexity" medical decision making.

832.    Despite being in possession of said reports for the underlying claims or codes at issue, Plaintiffs' elected not to down-code and pay a lesser amount pursuant to § 627.736(5)(b)1.e., *Fla. Stat*. (2013); nor did Plaintiffs comply with the condition precedent under § 627.736(5)(b)1.e., to authorize Plaintiffs to down-code.

833.    In addition to, and despite being in possession of the reports for the initial and follow up exams, Plaintiffs elected not to request additional information from Defendants pursuant to 627.736(6)(b), *Fla. Stat*., as far whether Defendants obtained additional records from other providers regarding the patient's history.

834.    Despite being in possession of said reports, and instead of down-coding, the GEICO Plaintiffs' proceeded instead to pay the initial and follow up exams that were under CPT Codes 99203, 99213. In making said payments, Plaintiffs neither stated nor advised the Defendants that the codes were being denied on the basis that the codes were improper as required by § 627.736(4)(b)3., *Fla. Stat*. (2013).

835.    Now, and after making continuous payments for the initial and follow up exams under said CPT Codes with full knowledge of all material facts in deciding whether said codes are in fact proper, Plaintiffs' now seek to recoup said payments by assuming the inconsistent possession that Plaintiffs' did not have knowledge of all material facts and that Plaintiffs were defrauded or misled.

836.    The Plaintiffs' however, waived or slept on their rights to down-code or deny payment for said exams and is now doing a 180 change in position by masquerading

what is really a technical defense to a medical provider's breach of contract action, as a "fraudulent" coding practice.

837.    By electing not to down-code or deny payment based on the information supplied by the Defendants, Plaintiffs affirmatively represented to the Defendants, by and through the prior payments, that said CPT Codes were properly coded and supported by the medical documentation furnished by the Plaintiffs.

838.    The Defendants, moreover, relied on the payments to their detriment because Defendants assumed, based on the documentation supplied to Plaintiffs, that the exams were properly coded.  As a consequence, Defendants are not in a financial position to return what Plaintiffs are seeking in damages or payment.  As such, and based on the foregoing, Plaintiffs' cause of action is barred in part or whole by waiver, estoppel or laches.

**(b) Errors in the HCFA 1500 Forms**

839.    Plaintiffs' cause of action alleging in part that Defendants fraudulently misrepresented in the HCFA 1500 forms that Defendant Formisano personally performed or directly supervised the physical therapy, is barred by waiver, estoppel and laches.

840.    At all times material hereto, the GEICO Plaintiffs knew or should have known from the onset that Defendant Formisano neither personally performed nor directly supervised the physical therapy at issue and that instead the therapy was rendered by massage therapists without supervision.  Defendants' submitted the treatment records with the HCFA 1500 billing forms to the GEICO Plaintiffs for each and every claim; the records reflect on their face that the physical therapy was rendered by massage therapists, not Formisano.  But in lieu of denying the claims for failure to properly identify the

massage therapists in the HCFA 1500 billing forms pursuant to § 627.736(5)(d), Plaintiffs proceeded to pay many of the underlying claims at issue.  Thus, and due to Defendants having knowledge of all material facts from the onset regarding who performed the physical therapy, Plaintiffs' cause of action is barred by estoppel, waiver, or laches to the extent that complaint alleges that the Defendants' misidentified Formisano in the HCFA 1500 forms as the treating supplier and that said misidentification is material or fraudulent.

## JURY DEMAND

841.    Pursuant to Federal Rule of Civil Procedure 38(b), Defendants demand a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE the Defendants, DG ESTHETIC & THERAPY INC., et. al., by and through undersigned counsel, pray for a judgment of dismissal and award Defendants costs and attorney fees pursuant to § 627.428, *Fla. Stat*.

## COUNTER CLAIM

COMES NOW the Counter/Plaintiffs, DG ESTHETIC & THERAPY CENTER INC., DA HEALTHCARE ASSOCIATES INC., & BEACON HEALTHCARE CENTER INC., by and through undersigned counsel, pursuant to Fed. R. Civ. P. 13, hereby sues the Plaintiffs/Counter Defendants, GOVERNMENT EMPLOYEES INSURANCE CO., GEICO GENERAL INSURANCE CO., GEICO INDEMNITY CO., and GEICO CASUALTY INSURANCE CO., as grounds in support thereof states:

1.      This is an action for declaratory relief pursuant to 28 U.S.C. § 2201 where the amount in controversy exceeds $75,000.

## THE PARTIES

### I.      Counter Plaintiffs

2.      Counter Plaintiff DG Esthetic & Therapy Center Inc., ("DG Esthetic") is a Florida Corporation with its principle place of business in Miami Dade County Florida.

3.      Counter-Plaintiff DA Healthcare Associates Inc., ("DA Healthcare") is a Florida Corporation with its principle place of business in Miami Dade County Florida.

4.      Counter Plaintiff, Beacon Healthcare Center Inc., ("Beacon Healthcare") is a Florida Corporation with its principle place of business in Miami Dade County Florida.

5.      At all times material hereto, the Counter Plaintiffs are healthcare clinics licensed under Part X, Chapter 400, *Fla. Stat*.

### II.     Counter Defendants

6       The Counter Defendants, Government Employees Insurance Co., GEICO Indemnity Co., and GEICO General Insurance Co., GEICO Casualty Insurance Co., (collectively "GEICO") are Maryland corporations with their principle place of business in Maryland and are authorized to conduct business and issue automobile insurance policies in Florida.

## JURISDICTION & VENUE

7.      This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1332(a)(1) where the total matter in controversy, exclusive of interest and costs, exceeds the jurisdictional threshold of $75,000 and is between citizens of different states.

8.      This Court also has supplemental jurisdiction over the subject matter of this action under 28 U.S.C. § 1367.

9.      Venue in this District is appropriate pursuant to 28 U.S.C. § 1391 as the Southern District of Florida is the District where the substantial amount of the activities forming the basis of the counter claim occurred.

## GENERAL ALLEGATIONS

10.     Sometime after January 1, 2013, Counter Plaintiffs DG Esthetic and DA Healthcare began to submit assigned personal injury protection insurance ("pip") claims to the GEICO Counter Defendants.

11.     In the year 2016, Counter Defendant Beacon Healthcare also began to submit assigned pip claims to the GEICO Counter Defendants.

12.     In the claims identified in Composite Exhibits 1, 2 and 3 to this complaint, the majority of the charges submitted by the Counter Plaintiffs were for physical therapy services rendered on behalf of GEICO insureds.

13.     Said physical therapy services were ordered and prescribed by a licensed medical physician, Dr. Michael Formisano M.D., who examined the GEICO insureds at the facility of the Counter Plaintiffs.

14.     The physical therapy services were rendered at the facility of the Counter Plaintiffs by licensed massage therapists without direct supervision by a licensed medical physician or physical therapist.

15.     The licensed massage therapists who rendered said therapy were not, however, licensed as physical therapists.

- 66 -

16.     The physical therapy modalities were rendered by said massage therapists included the following modalities:  (a) cold/hot packs; (b) therapeutic exercises and activities; (c) ultrasound; (d) neuromuscular reeducation; (e) contrast bath; (f) manual therapy; (g) paraffin; (h) electric stimulation; (h) hydrobed; (j) manual therapy; (k) infrared.

17.     Each of the physical therapy modalities rendered by said massage therapists do not manipulate the soft tissue by hand, foot or elbow.

18.     The subject physical therapy modalities, moreover, require the use of physical agents and are incidental to the lawful practice of massage therapy.

19.     The Counter Plaintiffs submitted charges for payment to the GEICO Counter Defendants for said physical therapy on HFCA 1500 billing forms.

20.     The charges submitted to the GEICO Counter Defendants, moreover, did not include charges for massage therapy (i.e., manipulation of the soft tissue by hand, foot or elbow).

21.     The HFCA 1500 billing forms, however, erroneously identified Dr. Formisano as the treating health care provider who personally rendered said physical therapy or directly supervised same.

22.     Notwithstanding said error, the Counter Plaintiffs supplied the GEICO Counter Defendants with the physical therapy records together with the HCFA 1500 billing forms.

23.     In contrast to the HFCA 1500 billing forms, the physical therapy records reflect on their face that the physical therapy was not rendered by Dr. Formisano, but instead by licensed massage therapists employed by Counter Plaintiffs.

24.     Hence, the GEICO Counter Defendants knew or should've known that the physical therapy services were neither personally rendered nor supervised by Dr. Formisano.

25.     In the majority of the claims identified Exhibits 1, 2 & 3, the GEICO Counter Defendants paid the Counter Plaintiffs for the physical therapy services without objection that the services were rendered by massage therapists and that the HFCA billing forms erroneously misidentified Dr. Formisano as the health care provider who personally rendered or supervised said therapy.

26.     Long after the GEICO Counter Defendants made said payments, the GEICO Counter Defendants now assert that the Counter Plaintiffs were unjustly enriched on the basis that the services were unlawfully rendered and that the GEICO Counter Defendants were misled to believe the Dr. Formisano either personally rendered said therapy or supervised same.

27.     The GEICO Counter Defendants assert that the physical therapy services were unlawfully rendered where (i) the massage therapists who rendered same were not licensed to perform physical therapy; (ii) the massage therapists were not directly supervised when the services were rendered.

**COUNT I**
**DECLARATORY RELIEF**

28.     The Counter Plaintiffs adopts and re-alleges the allegations in ¶¶ 1-27 as though fully set forth herein.

29.     There is bona fide controversy between the parties concerning whether the physical therapy licensing statute, i.e., § 486.028, *Fla. Stat.*, prohibits a license massage

therapist, who is not licensed as a physical therapist, from rendering physical therapy without supervision.

30.     The licensing and supervision requirement of unlicensed personnel under Florida's physical therapy statutes (i.e., Chapter 486) do not apply whereas here, the massage therapists who rendered the services at issue are exempt pursuant to § 486.161(1), *Fla. Stat*.

31.     As a consequence of the present dispute between the parties, there is a bona fide practical need for a declaration of rights.

32.     Counter Plaintiffs have uncertainty with respect to their rights and whether Counter Plaintiffs are liable for the payments made by the Counter Defendants for said physical therapy on the aforementioned grounds advanced by the Counter-Defendants. Therefore, a declaratory judgment is necessary to have such doubt removed for the purpose of clarifying the parties' rights and obligations if any.

WHEREFORE the Counter Plaintiffs, DG ESTHETIC & THERAPY CENTER INC., et. al., by and through undersigned counsel, prays for a judgment be entered for the Counter Plaintiffs and against the Counter Defendants declaring:

(a)     that the physical therapy services at issue were lawfully rendered whereas here, the licensed massage therapists who rendered same are exempt under § 486.161(1), *Fla. Stat*., from the statutory licensing and supervision requirements under Chapter 486. Therefore, the massage therapists employed by the Counter Plaintiffs need not be licensed as physical therapists nor directly supervised by a medical physician or physical therapist in order to lawfully render said therapy;

(b)     that because said services were lawfully rendered, the erroneous misidentification of Dr. Formisano M.D., on the HCFA billing 1500 forms as the health care provider who personally rendered or supervised said physical therapy is immaterial; the charges for said therapy would nonetheless be payable to the Counter Plaintiffs assuming the massage therapists were identified as the treating provider in the billing forms instead.

In addition, Plaintiff demands attorney fees and costs for prosecution of this action pursuant to §§ 627.428, and 57.041 *Fla. Stat*.

Respectfully Submitted,

/s/*Christian Carrazana*
Christian Carrazana, Esq. (FBN # 188115)
**CHRISTIAN CARRAZANA, P.A.**
P.O. Box 900520
Homestead Florida 33090
Tel No.: (786) 226-8205
Fax No.: (786) 364-7477
Email:  christian@carrazana-legal.com
*Attorney for Defendants*

<u>**CERTIFICATE OF SERVICE**</u>

I HEREBY CERTIFY that a true and correct copy of this document was electronically served through the CM/EFC system on this 13th day of June 2018 to: John Marino, Esq., [jmarino@sgrlaw.com]; Lindsey R. Trowell, Esq., [ltrowell@sgrlaw.com], Smith, Gambrell& Russell, LLP, *Attorneys for Plaintiffs*; Max Gershenoff, Esq., *Co-Counsel for Plaintiff*, [max.gershenoff@rivkin.com]; Michael Vanunu, Esq., [michael.vanunu@rivkin.com]

Respectfully Submitted,


/s/*Christian Carrazana*
Christian Carrazana, Esq. (FBN # 188115)
**CHRISTIAN CARRAZANA, P.A.**
P.O. Box 900520
Homestead Florida 33090
Tel No.: (786) 226-8205
Fax No.: (786) 364-7477
Email:  christian@carrazana-legal.com
*Attorney for Defendants/Counter-Plaintiffs*