UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO. 18-20921-CIV-ALTONAGA/Goodman

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

    Plaintiffs,

vs.

DG ESTHETIC AND THERAPY CENTER,
INC., DANIA LIMA, D.A. HEALTH CARE
ASSOCIATES, INC., DAMARYS ALFONSO,
ANA B. MEJIAS, BEACON HEALTHCARE
CENTER, INC., RAYXEL HERRERA, MAIRA
L. GUERRA, and MICHAEL W. FORMISANO,
M.D.,

    Defendants.

---

**PLAINTIFFS' MOTION AND SUPPORTING MEMORANDUM TO
ENFORCE SETTLEMENT AGREEMENT AND ENTER JUDGMENT AGAINST
DEFENDANTS DG ESTHETIC AND THERAPY CENTER, INC. AND DANIA LIMA**

Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. (collectively, "GEICO" or "Plaintiffs"), respectfully submit this memorandum in support of their motion for an Order enforcing the February 11, 2019 Settlement and Release Agreement between GEICO, Dania Lima ("Lima"), and DG Esthetic and Therapy Center, Inc. ("DG Esthetic") (collectively, "the DG Esthetic Defendants").

## PRELIMINARY STATEMENT

The record in this matter is clear: Pursuant to the Settlement Agreement, the DG Esthetic Defendants agreed – among other things – to pay GEICO $250,000.00 in 24 monthly installments of $10,416.66 (the "Settlement Proceeds"), commencing on or before February 15, 2019, and ending on or before January 15, 2021. However, after paying the March 15, 2020 installment of the Settlement Proceeds, the DG Esthetic Defendants defaulted in their obligation to pay any of the subsequent installments that have come due.

The Settlement Agreement provided that, upon any uncured default in payment of the Settlement Proceeds, GEICO would be entitled to enter judgment against the DG Esthetic Defendants, jointly and severally, for $250,000.00 less any portion of the Settlement Proceeds that had been paid as of the date of entry. GEICO sent the DG Esthetic Defendants notices of their default in accordance with the Settlement Agreement, yet the DG Esthetic Defendants have failed to timely cure their default.

This motion ensued.

**STATEMENT OF FACTS**[1]

GEICO commenced this action on March 12, 2018 against the DG Esthetic Defendants, and their co-defendants, D.A. Health Care Associates, Inc. ("DA Health"), Damarys Alfonso ("Alfonso"), Ana Mejias ("Mejias"), Beacon Healthcare Center, Inc. ("Beacon"), Rayxel Herrera ("Herrera"), Maira Guerra ("Guerra"), and Michael Formisano, M.D. ("Formisano")(collectively "Defendants"). See Docket No. 1.

On February 11, 2019 GEICO and the DG Esthetic Defendants entered into the Settlement Agreement. Vanunu Decl., ¶¶ 5-7. It is important to note that the Settlement Agreement was the successful result of a mediation conducted before Rodney Max. See Vanunu Decl., ¶ 6; Docket No. 82.

Pursuant to the Settlement Agreement, GEICO dismissed this action against the DG Esthetic Defendants without prejudice. Vanunu Decl., ¶ 8; see also Docket No. 89.[2] However, pursuant to Section 10 of the Settlement Agreement, this Court retains jurisdiction to enforce the terms of the Settlement Agreement. Vanunu Decl., ¶ 9.

Pursuant to Section 2.A. of the Settlement Agreement, the DG Esthetic Defendants were obligated to pay GEICO the Settlement Proceeds in one monthly installment of $10,416.82 and 23

---

[1] The facts relevant to this motion are set forth in the Declaration of Michael Vanunu (the "Vanunu Decl."), which is attached as Exhibit 1.

[2] As noted in the Vanunu Decl., the Settlement Agreement contained, among other things, a confidentiality provision which specified that "[e]xcept as required to enforce this Agreement, or to comply with any lawful order or subpoena, the Parties hereto (including their agents, representatives, employees and attorneys) shall not disclose any term of this Agreement to any person, entity or government body or agency not a party to this Agreement." Accordingly, GEICO has not electronically filed the entire Settlement Agreement as an exhibit to this motion, and instead has only excerpted the relevant terms. However, to the extent that the Court deems it necessary to review the Settlement Agreement in its entirety in order to decide this motion, GEICO is prepared to submit the entire Settlement Agreement to the Court. See Vanunu Decl., ¶ 7.

monthly installments of $10,416.66 a piece on or before the 15th of each month, beginning on February 15, 2019 and continuing until January 15, 2021. Vanunu Decl., ¶ 10.

Pursuant to Section 2.B. of the Settlement Agreement:

In the event that the Dania Lima and DG Esthetic and Therapy Center, Inc. default in making payment of any portion of the [DG Esthetic Defendants] Settlement Proceeds required under this Agreement, and fail to cure the default within fifteen (15) business days after receipt of written notice as set forth in Section 7 herein, then GEICO shall be entitled to immediately enter a judgment against the Dania Lima and DG Esthetic and Therapy Center, Inc., or any of them, for which they will be jointly and severally liable, in the amount of any remaining unpaid balance of the [DG Esthetic Defendants] Settlement Proceeds. This sum shall be deemed liquidated damages for Dania Lima and DG Esthetic and Therapy Center, Inc.'s conduct as alleged in the Amended Complaint in the Action, and is not a penalty. Interest on the default judgment shall accrue at the maximum rate allowable under Fla. Stat. 55.03 until fully paid. In addition, GEICO shall be entitled to reimbursement by Dania Lima and DG Esthetic and Therapy Center, Inc. of all reasonable attorneys' fees, costs, and disbursements that GEICO incurs in connection with any collection activities and the prosecution of the Action. Dania Lima and DG Esthetic and Therapy Center, Inc. acknowledge that – to the extent that GEICO enters the default judgment against them, or any of them – it will be deemed to be a debt that will not be dischargeable in bankruptcy.

Vanunu Decl., ¶ 11.

Pursuant to Section 7 of the Settlement Agreement, all notices to the DG Esthetic Defendants required under the Settlement Agreement were to be satisfied by e-mail and facsimile transmission to their counsel, Christian Carrazana, Esq. ("Mr. Carrazana"). Vanunu Decl., ¶ 12.

The DG Esthetic Defendants have provided their installment payments from inception through the March 15, 2020, installment. Although not always timely, the untimely payments were promptly paid after notice pursuant to Section 7 of the Settlement Agreement. Vanunu Decl., ¶ 13. However, the DG Esthetic Defendants failed to pay the April or May installments of the Settlement Proceeds that were due on April 15, 2020 and May 15, 2020, each in the amount of $10,416.66. Vanunu Decl., ¶ 14.

3

Therefore, on May 21, 2020, GEICO's counsel sent a notice of default to the DG Esthetic Defendants' counsel, Mr. Carrazana, regarding the missed payments due on April 15th and May 15th of 2020, totaling $20,833.32, in accordance with Sections 2 and 7 of the Settlement Agreement. Vanunu Decl., ¶ 15.

However, the DG Esthetic Defendants did not cure their default within 15 days, as required by Section 2.B. of the Settlement Agreement and – to date – they have not paid the April 15, 2020 or the May 15, 2020 installments of the Settlement Proceeds totaling $20,833.32. Vanunu Decl., ¶ 16.

Out of the total $250,000.00 that the DG Esthetic Defendants agreed to pay GEICO pursuant to the settlement agreement, to date the DG Esthetic Defendants have only paid a total of $145,833.40. Vanunu Decl., ¶ 17.

## ARGUMENT

### I. The Standards on This Motion

"This Court possesses the inherent authority to summarily enforce a settlement agreement." Miles v. Nw. Mut. Life Ins. Co., 677 F. Supp. 2d 1312, 1315 (M.D. Fla. 2009) (citing Ford v. Citizens & Southern Nat'l Bank, 928 F.2d 1118, 1121 (11th Cir.1991)); see also Rhein Med., Inc. v. Koehler, 889 F. Supp. 1511, 1516 (M.D. Fla. 1995) ("district courts have inherent power to summarily enforce settlement agreements entered into by party litigants in a pending case").

"In Florida, settlement agreements are favored as an efficient way to settle disputes and as a means to conserve judicial resources. Courts will enforce them when it is possible to do so." BP Prod. N. Am., Inc. v. Oakridge at Winegard, Inc., 469 F. Supp. 2d 1128, 1133 (M.D. Fla. 2007) (citing Long Term Mgmt., Inc. v. Univ. Nursing Ctr., Inc., 704 So.2d 669, 673 (Fla. 1st DCA 1997)); see also Miles, 677 F. Supp. 2d at1315 ("settlements are highly favored as a means of

4

conserving judicial resources and will be enforced when possible")(citing Murchison v. Grand Cypress Hotel Corp., 13 F.3d 1483, 1486 (11th Cir.1994)); Robbie v. Miami, 469 So.2d 1384, 1385 (1985)("Settlement Agreements are highly favored, and will be enforced whenever possible").

"A settlement agreement is a contract and, as such, its construction and enforcement are governed by principles of Florida's general contract law." Sands v. Wagner & Hunt, P.A., 2009 WL 2730469, at *2 (S.D. Fla. Aug. 28, 2009) (quoting Schwartz v. Fla. Bd. of Regents, 807 F.2d 901, 905 (11th Cir.1987)); see also BP Prod. N. Am., Inc., 469 F. Supp. 2d at 1133 ("Settlement agreements in Florida are interpreted and governed by the law of contracts.") Under Florida Law, in order to compel enforcement of a settlement agreement, "its terms must be sufficiently specific and mutually agreed upon as to every essential element." BP Prod. N. Am., Inc., 469 F. Supp. 2d at 1133 (citing Don L. Tullis and Assoc., Inc. v. Benge, 473 So.2d 1384 (Fla. 1st DCA 1985)). "The ultimate issue . . . is whether the parties reached agreement on the material terms for settlement, and then whether Defendants breached that agreement." Tapp v. Puppy Mgmt. Inc., 2019 WL 2267209, at *2 (S.D. Fla. Apr. 8, 2019), report and recommendation adopted, No. 18-20960-CIV, 2019 WL 2268981 (S.D. Fla. Apr. 29, 2019).

In keeping with the authority that Courts will enforce a settlement agreement when possible, Courts within this District frequently have – in analogous circumstances – enforced settlement agreements by entering judgments upon a default pursuant to those agreements. See Gov Empl. Ins. Co. v. DG Esthetic And Therapy Cntr, 1:18-cv-20921-CMA, Docket No. 115 July 8, 2019 (J. Altonaaga)(granting GEICO's motion to enforce identical settlement agreement against co-defendants for failure to comply with the settlement agreement payment terms); Tapp, 2019 WL 2267209 at *2 (stating that the defendants breached a material term of the settlement

agreement by failing to make requisite installment payments and the plaintiffs were entitled to enforce the settlement agreement by seeking a default final judgement); Garcia v. Rambo Sec. Patrol, Inc., 2010 WL 750296, at *3 (S.D. Fla. Mar. 3, 2010) (granting plaintiffs motion to enforce the settlement agreement by applying a final judgment to the plaintiff for the defendants failure to make payments outlined in the settlement agreement); Beharrie-Lue v. Felt Home Care, Inc., 2010 WL 2985650, at *1 (S.D. Fla. July 28, 2010)(granting plaintiffs' motion to enforcing a settlement agreement for the failure to pay the balance of the settlement agreement); Daniel v. Extreme Excavating, Inc., 2007 WL 9751755, at *2 (S.D. Fla. Sept. 12, 2007) (recommending that the plaintiffs' motion to enforce the settlement agreement for past due payments and for attorney's fees and costs associated with enforcing the settlement agreement be granted) report and recommendation adopted, 2007 WL 9751756 (S.D. Fla. Dec. 14, 2007).

## II.     GEICO is Entitled to Judgment Against the DG Esthetic Defendants

As described above, the DG Esthetic Defendants defaulted on their obligation to pay the Settlement Proceeds in accordance with the Settlement Agreement, and have failed to timely cure their default, despite receiving the requisite notices from GEICO in accordance with the Settlement Agreement.

Pursuant to Section 2.B. of the Settlement Agreement, for the DG Esthetic Defendants' failure to cure a default of a portion of the Settlement Proceeds, GEICO is entitled to enter a judgment against the DG Esthetic Defendants, jointly and severally, for the remaining unpaid balance of the Settlement Proceeds, which is currently at $104,166.60.

In addition to the money judgment, GEICO seeks, pursuant to Fla. Stat. §55.03, post-judgement interest against the DG Esthetic Defendants, jointly and severally, for the remaining unpaid balance of the Settlement Proceeds.

Accordingly, pursuant to the authorities discussed above, GEICO is entitled to judgment against the DG Esthetic Defendants in the amount of $104,166.60, plus post-judgment interest pursuant to Fla. Stat. §55.03(1), which represents the amount of the Settlement Proceeds less the payments that the DG Esthetic Defendants have made to-date. A proposed final judgment is attached as Exhibit "2" to the Vanunu Decl.

## **LOCAL RULE 7.1 CERTIFICATE OF CONFERRAL**

The undersigned counsel confirm that they have conferred in good faith – by e-mail on May 21, 2020 – with counsel for the parties who may be affected by the relief sought in this motion in a good-faith effort to resolve the issues raised in this motion, but were unable to do so.

Respectfully submitted,

*/s/ Michael Vanunu*
Barry I. Levy (admitted *pro hac vice*)
Max Gershenoff (admitted *pro hac vice*)
Michael Vanunu (admitted *pro hac vice*)
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11550
Phone: (516) 357-3000
Facsimile: (516) 357-3333
barry.levy@rivkin.com
max.gershenoff@rivkin.com
michael.vanunu@rivkin.com

and

John P. Marino (FBN 814539)
Lindsey R. Trowell (FBN 678783)
Kristen L. Wenger (FBN 92136)
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street
Suite 2600
Jacksonville, Florida 32202
Phone: (904) 598-6100
Facsimile: (904) 598-6204
ltrowell@sgrlaw.com
jmarino@sgrlaw.com
kwenger@sgrlaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

I certify that on June 8, 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the counsel of record as on the attached service list, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF system.

                                                                */s/ John P. Marino*
                                                                Attorney

## **SERVICE LIST**

### Case No.: 18-20921-CIV-ALTONAGA/Goodman

John P. Marino (FBN 814539)
Lindsey R. Trowell (FBN 678783)
Kristen L. Wenger (FBN 92136)
SMITH, GAMBRELL & RUSSELL, LLP
50 North Laura Street
Suite 2600
Jacksonville, Florida 32202
Phone:  (904) 598-6100
Facsimile:  (904) 598-6204
jmarino@sgrlaw.com
ltrowell@sgrlaw.com
kwenger @sgrlaw.com

*Attorneys for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.*

Barry I. Levy (admitted *pro hac vice*)
New York Bar No. 2462596
Max Gershenoff (admitted *pro hac vice*)
New York Bar No. 4475240
Michael Vanunu (admitted *pro hac vice*)
New York Bar No. 4983953
RIVKIN RADLER LLP
926 RXR Plaza
Uniondale, New York 11550
Phone:  (516) 357-3000
Facsimile:  (516) 357-3333
barry.levy@rivkin.com
michael.vanunu@rivkin.com
max.gershenoff@rivkin.com

*Attorneys for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co.*

Christian Carrazana, Esq.
CHRISTIAN CARRAZANA, P.A.
100 NE 15 St., Suite 101B
Homestead, Florida 33030
Phone: (786) 226-8205
Facsimile:  (786) 364-7477
Email: christian@carrazana-legal.com
*Attorney for Defendants*

Christian Carrazana, Esq.
CHRISTIAN CARRAZANA, P.A.
P.O. Box 900520
Homestead, Florida 33090
Phone: (786) 226-8205
Facsimile:  (786) 364-7477
Email: christian@carrazana-legal.com
*Attorney for Defendants*