**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

**CASE NO. 18-20921-CIV-ALTONAGA/Goodman**

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

 Plaintiffs,

vs.

DG ESTHETIC AND THERAPY CENTER,
INC., DANIA LIMA, D.A. HEALTH CARE
ASSOCIATES, INC., DAMARYS ALFONSO,
ANA B. MEJIAS, BEACON HEALTHCARE
CENTER, INC., RAYXEL HERRERA, MAIRA
L. GUERRA, and MICHAEL W. FORMISANO,
M.D.,

 Defendants.

## DECLARATION OF MICHAEL VANUNU

 **MICHAEL VANUNU**, pursuant to 28 U.S.C. § 1746, hereby declares the truth of the following:

 1. I am associated with the law firm of Rivkin Radler LLP and am counsel for Plaintiffs Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Co., and GEICO Casualty Co. (collectively "GEICO") in this matter.

 2. I have personal knowledge of the facts set forth in this declaration, and would testify as to them in a court of law if required to do so.

 3. I respectfully submit this declaration in support of GEICO's motion for an Order enforcing the February 11, 2019 Settlement and Release Agreement between GEICO and Defendants Dania Lima ("Lima"), and DG Esthetic and Therapy Center, Inc. ("DG Esthetic")

(collectively "the DG Esthetic Defendants"), by entering judgment against the DG Esthetic Defendants and in favor of GEICO in the amount of $104,166.60, plus post-judgment interest.

4. GEICO commenced this action on March 12, 2018 against the DG Esthetic Defendants. See Docket No. 1.

5. On February 11, 2019, GEICO and the DG Esthetic Defendants entered into a Settlement and Release Agreement (the "Settlement Agreement").

6. The Settlement Agreement was based on of a successful mediation conducted before Rodney Max, Esq. on January 14, 2019 that resulted in a mediation agreement between the DG Esthetic Defendants and counsel for GEICO.

7. The Settlement Agreement contained, among other things, a confidentiality provision which specified that "[e]xcept as required to enforce this Agreement, or to comply with any lawful order or subpoena, the Parties hereto (including their agents, representatives, employees and attorneys) shall not disclose any term of this Agreement to any person, entity or government body or agency not a party to this Agreement." Accordingly, I have not attached a copy of the entire Settlement Agreement to this declaration, and instead have only excerpted the relevant terms. However, to the extent that the Court deems it necessary to review the Settlement Agreement in its entirety in order to decide this motion, GEICO is prepared to submit the entire Settlement Agreement to the Court.

8. Pursuant to the Settlement Agreement, GEICO dismissed this action against the DG Esthetic Defendants without prejudice. See Docket No. 89.

9. Pursuant to Section 10 of the Settlement Agreement, this Court retains jurisdiction to enforce the terms of the Settlement Agreement.

10. Pursuant to Section 2.A. of the Settlement Agreement, the DG Esthetic Defendants were obligated to pay GEICO $250,000.00 in one monthly installment of $10,416.82 and 23 monthly installments of $10,416.66 a piece (the "Settlement Proceeds"), beginning on February 15, 2019 and continuing on the fifteenth of each month until January 15, 2021.

11. Pursuant to Section 2.B. of the Settlement Agreement:

> In the event that the Dania Lima and DG Esthetic and Therapy Center, Inc. default in making payment of any portion of the [DA Health Defendants] Settlement Proceeds required under this Agreement, and fail to cure the default within fifteen (15) business days after receipt of written notice as set forth in Section 7 herein, then GEICO shall be entitled to immediately enter a judgment against the Dania Lima and DG Esthetic and Therapy Center, Inc., or any of them, for which they will be jointly and severally liable, in the amount of any remaining unpaid balance of the [DA Health Defendants] Settlement Proceeds. This sum shall be deemed liquidated damages for Dania Lima and DG Esthetic and Therapy Center, Inc.'s conduct as alleged in the Amended Complaint in the Action, and is not a penalty. Interest on the default judgment shall accrue at the maximum rate allowable under Fla. Stat. 55.03 until fully paid. In addition, GEICO shall be entitled to reimbursement by Dania Lima and DG Esthetic and Therapy Center, Inc. of all reasonable attorneys' fees, costs, and disbursements that GEICO incurs in connection with any collection activities and the prosecution of the Action. Dania Lima and DG Esthetic and Therapy Center, Inc. acknowledge that – to the extent that GEICO enters the default judgment against them, or any of them – it will be deemed to be a debt that will not be dischargeable in bankruptcy.

12. Pursuant to Section 7 of the Settlement Agreement, all notices required under the Agreement were to be satisfied by e-mail and facsimile transmission to their counsel, Christian Carrazana, Esq. ("Mr. Carrazana").

13. Between January 15, 2019 and March 15, 2020, the DG Esthetic Defendants have paid all of the installments. Although not always timely, the untimely payments were paid after notice pursuant to Section 7 of the Settlement Agreement.

14. However, the DA Health Defendants failed to pay the April 15, 2020, installment or the May 15, 2020 installment, each in the amount of $10,416.66.

15. Therefore, on May 21, 2020, GEICO's counsel sent a notice of default to the DA Health Defendants' counsel, Mr. Carrazana, regarding the missed payments that were due on April 15th and May 15th of 2020, totaling $20,833.32, in accordance with Sections 2 and 7 of the Settlement Agreement. A true and correct copy of the May 21, 2020 notice of default is attached hereto as Exhibit "1".

16. However, the DA Health Defendants did not cure their default within 15 days, as required by Section 2.B. of the Settlement Agreement and – to date – they have not paid the any portion of the April 15, 2020 installment or the May 15, 2020 installment of the Settlement Proceeds totaling $20,833.32.

17. Out of the total $250,000.00 of the Settlement Proceeds, the DA Health Defendants have only paid $145,833.40, which equates to a remaining balance of $104,166.60 for the Settlement Proceeds.

18. Accordingly, GEICO respectfully submits that it is entitled to judgment against the DA Health Defendants, jointly and severally, in the amount of $104,166.60.

19. A proposed judgment is attached as Exhibit "2".

/s/ Michael Vanunu  
Michael Vanunu

# EXHIBIT 1



www.RivkinRadler.com

926 RXR Plaza
Uniondale, NY 11556-0926
T 516.357.3000 F 516.357.3333

**MICHAEL VANUNU**
(516) 357-3337
michael.vanunu@rivkin.com

May 21, 2020

**VIA ELECTRONIC MAIL AND FACSIMILE (786) 364-7477**

Christian Carrazana, Esq.
Christian Carrazana, P.A.
P.O. Box 900520
Homestead, Florida 33090

> Re:   **NOTICE OF DEFAULT UNDER SETTLEMENT AGREEMENT**
>   *Government Employees Insurance Co., et al. v.*
>   *DG Esthetic and Therapy Center Inc., et al., et al.*
>   S.D. Fla. Case No. 18-cv-20921
>   RR File No.: 005100-02568

Dear Mr. Carrazana:

As you know, we represent Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company and GEICO Casualty Co. (collectively "GEICO") in the above-referenced matter.

I write pursuant to Sections 2 and 7 of the February 11, 2019 Settlement and Release Agreement (the "Agreement") in this action, to provide you with notice of a default by Defendants DG Esthetic and Therapy Center, Inc. and Dania Lima (the "DG Defendants") under the terms of the Agreement.

In particular, pursuant to Section 2.A of the Agreement, the DG Defendants were due to pay a $10,416.82 installment of the DG Settlement Proceeds on or before April 15, 2020, and another installment for the same value on or before May 15, 2020. However, I have not received those installments of the DG Settlement Proceeds.

**Accordingly, pursuant to Section 2 and 7 of the Agreement, please take notice that, if the DG Defendants do not cure their default within fifteen (15) days of the date of this notice, we will enter judgment against the DG Defendants without further notice, the release GEICO provided to the DG Defendants will be void ab initio, and the DG Defendants not only will be liable to pay the full amount of the judgment, but also will be liable to GEICO for its attorneys' fees.**

66 South Pearl Street, 11th Floor
Albany, NY 12207-1533
T 518.462.3000 F 518.462.4199

25 Main Street
Court Plaza North, Suite 501
Hackensack, NJ 07601-7082
T 201.287.2460 F 201.489.0495

477 Madison Avenue
New York, NY 10022-5843
T 212.455.9555 F 212.687.9044

2649 South Road
Poughkeepsie, NY 12601-6843
T 845.473.8100 F 845.473.8777

RIVKIN RADLER LLP

May 21, 2020
Page 2

Hopefully that will not be necessary. I have diaried the deadline. Please make sure your clients timely cure their default, or they will face the serious consequences set forth above.

          Very truly yours,

          RIVKIN RADLER LLP

          /s/ Michael Vanunu

          Michael Vanunu

cc:    John Marino, Esq.
        Lindsey Trowell, Esq.
        Kristen Wenger, Esq.
        Drew Krieger, Esq.
        Barry Levy, Esq.
        Max Gershenoff, Esq.

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# MIAMI DIVISION

### CASE NO. 18-20921-CIV-ALTONAGA/Goodman

GOVERNMENT EMPLOYEES INSURANCE
CO., GEICO INDEMNITY CO., GEICO
GENERAL INSURANCE COMPANY and
GEICO CASUALTY CO.,

    Plaintiffs,

vs.

DG ESTHETIC AND THERAPY CENTER,
INC., DANIA LIMA, D.A. HEALTH CARE
ASSOCIATES, INC., DAMARYS ALFONSO,
ANA B. MEJIAS, BEACON HEALTHCARE
CENTER, INC., RAYXEL HERRERA, MAIRA
L. GUERRA, and MICHAEL W. FORMISANO,
M.D.,

    Defendants.

## **FINAL JUDGMENT**

**THIS CAUSE** came before the Court on the Plaintiff's Motion to Enforce the Settlement Agreement, dated June 8, 2020. The Plaintiffs request that the Court enter judgment against Defendants Dania Lima and DG Esthetic and Therapy Center, Inc., jointly and severally, for failing to abide by the payment conditions of the settlement agreement dated February 11, 2019.

**ORDERED AND ADJUDGED** as follows:

1. Plaintiffs' Motion [ECF No. 134] is **GRANTED**.

2. Plaintiffs, Government Employees Insurance Co., GEICO Indemnity Co., GEICO General Insurance Company, and GEICO Casualty Co. shall jointly and severally recover from Defendants, Dania Lima and DG Esthetic and Therapy Center, Inc.,

the total sum of **$104,166.60**, which shall accrue post judgment interest pursuant to Florida statute section 55.03(1) until paid, for which let execution issue..

**DONE AND ORDERED** in Miami, Florida, this _____ day of June, 2020.

_____
CECILIA M. ALTONAGA
UNITED STATES DISTRICT JUDGE

Cc: Counsel of record